*Garnett & Dehoney,* for appellant.

*James Harlan, Jr.,* for appellees.

---

SARAH FELAND ET AL *v.* WILLIAM BRAXDALE.

Adverse Possession—Notice—Registration of Deed—Limitation.

Where lapse of time and the Statute of Limitations are relied on as a bar to an action to recover possession of land the plaintiff will be presumed to have notice o fthe adverse holding from the time of the registration of the deed.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 5, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

In the answer lapse of time and the statute of limitation is relied upon as a bar to the action, and the deed of Robert Feland to Caldwell is filed by him as evidence of title bearing date January 6, 1849, and covers the land in contest that deed was made for a valuable consideration, contains covenant of warranty, and Braxdale alleges he and those under whom he claims, have been holding said land under said deed since its execution as their own, and were looking to no one for a title, and that deed was made more than 17 years before the commencement of this action. Such holding was adverse (Farrow's Heirs vs. Edmonson, 4 B. M. 605) and from the registration of the deed, appellants will be presumed to have had notice of such holding which was adverse. And as appellants had all arrived at age more than three years before the commencement of this action the bar was complete.

Wherefore, the judgment in favor of Braxdale is affirmed.

*Dunlap, VanWinkle, Hill, for appellants.*

*James, Durham, for appellee.*